IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WALTER LANE TAYLOR,

    Plaintiff,

v.                                                            No. CV 16-0269 MV-LAM

WILLIE R. HENRY,

    Defendant.

## SECOND ORDER TO CURE DEFICIENCY

**THIS MATTER** is before the Court on Plaintiff Walter Lane Taylor's Application to Proceed in District Court Without Prepaying Fees or Costs [*Doc. 5*], filed on May 16, 2016. Attached to Plaintiff's application was a "Remote Deposits Report" for the time period between January 20, 2016 and April 29, 2016. [*Doc. 5* at 3] For the reasons explained below, the Court concludes that this report is deficient and will order Plaintiff to cure the designated deficiencies **within thirty days of the date of this order**.

Title 28 of the United States Code, Section 1915(a)(2) requires "[a] prisoner seeking to bring a civil action . . . without prepayment of fees or security therefore" to "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). On the basis of the prisoner's trust fund account statement (or institutional equivalent), the Court must:

> assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of—

      (A)  the average monthly deposits to the prisoner's account; or
      (B)  the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint . . .

§ 1915(b)(1).

The Court concludes that the "Remote Deposits Report" submitted by Plaintiff is deficient because: (1) it is not "a certified copy of the trust fund account statement (or institutional equivalent)," § 1915(a)(2), (2) it does not include "the 6-month period immediately preceding the filing of the complaint," *id.*, and (3) it does not reflect "the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint," § 1915(b)(1)(B). The Court will order Plaintiff to cure these deficiencies **within thirty (30) days of the date of this Order**. **Failure to timely cure the designated deficiencies may result in dismissal of this action without further notice**.

**IT IS THEREFORE ORDERED** that Plaintiff cure the deficiencies designated above **within thirty (30) days from the date of this Order**.

**IT IS SO ORDERED.**

*/s/ Lourdes A. Martínez*
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**